IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 96-11288

Summary Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDLE HAROLD

Defendant-Appellant.

———————

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 5:94-CR-92-C

———————

April 4, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Lindle Harold appeals his conviction for carrying a firearm during and in relation to a drug-trafficking crime. 18 U.S.C. § 924(c)(1). Harold contends that the factual basis for his guilty plea was insufficient to support his conviction in light of *Bailey v. United States*, 116 S.Ct. 501 (1995), which was decided after Harold was sentenced.

———————

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

At Harold's guilty plea hearing, he stated that he understood the § 924(c)(1) count of the indictment, and that he was pleading guilty to that count. He stated under oath that he was pleading guilty to that count because he was guilty, and for no other reason. He affirmed under oath that the factual resume accurately set forth the facts, and that they formed the basis for his guilty plea. The district court accepted Harold's plea based on the factual resume. That factual resume recited:

> On or about November 13, 1994, in the Lubbock Division of the Northern District of Texas, LINDLE HAROLD, defendant, did knowingly use and carry a firearm . . . during and in relation to a drug trafficking crime . . . .
>
> On November 13, 1994, information was received by agents of the Drug Enforcement Administration in Lubbock, Texas, from a confidential informant (CI). The CI stated that LINDLE HAROLD, defendant, would arrive in Amarillo, Texas, at approximately 7:00 p. m. on the same date and would be in possession of three (3) ounces of methamphetamine and a handgun. At approximately 7:30 p.m., HAROLD called the CI's residence to locate the CI. HAROLD was told that the CI had had car trouble in Plainview, Texas. HAROLD said he would travel to Plainview, Texas . . . .
>
> At approximately 9:00 p.m. the same date, agents on surveillance saw a white over blue Oldsmobile with Kansas license plates enter the Wal-Mart parking lot in Plainview, Texas, and drive to where the CI was parked. HAROLD was detained by agents at that time. During a search of HAROLD's car, a handgun was found between the driver's seat and the bottom door jam. . . . Also found in HAROLD's car was an ice chest on the front seat which contained . . . methamphetamine. . . .

Harold signed the resume.

Harold contends on appeal that his pre-*Bailey* guilty plea to "using and carrying" a firearm was not knowingly, intelligently and voluntarily entered, and that the factual basis for the plea is insufficient. Even though Harold was charged with "using and carrying," the government needed only to prove that Harold used or carried a firearm. *See U.S. v. Johnson*, 87 F.3d 133, 136 n.2 (5th Cir. 1996) (disjunctive statute may be pleaded conjunctively and proved disjunctively); *U.S. v. Still*, 102 F.3d 118, 124-25 (5th Cir. 1996) (government only required to prove use or carry to support a pre-*Bailey* guilty plea agreement challenged on appeal). The *Bailey* decision had no effect on this

2

Circuit's precedent regarding the definition of "carry." *U.S. v. Rivas*, 85 F.3d 193, 195 (5th Cir.), *cert. denied*, 117 S.Ct. 593 (1996). Even where the evidence is insufficient to show "use" of a firearm under § 924(c), evidence that a defendant was knowingly driving a car with a gun within reach is sufficient to support the "carrying" requirement. *U.S. v. Muscarello*, 106 F.3d 636 (5th Cir. 1997) (When "the defendant knowingly possesses a firearm in a motor vehicle and uses the vehicle during the commission of the underlying crime, then as a matter of law the firearm is carried during a drug-trafficking offense for purposes of § 924(c)."); *U.S. v. Fike*, 82 F.3d 1315, 1327-28 (5th Cir.), *cert. denied*, 117 S.Ct. 241 (1996).

Our review of the record and the briefs of the parties shows that the district court did not err when in accepted Harold's plea of guilty because there was an adequate factual basis to support the "carry" prong of the indictment. Harold admitted in the factual resume that he used and carried a firearm during and in relation to a drug-trafficking crime. Even if *Bailey* changed the definition of "use," Harold has admitted that he "carried" the gun sufficiently to support the conviction. Additionally, Harold admitted that during a search of "Harold's car," agents found a gun within easy reach of the driver. Harold's § 2255 motion to the district court states that "the factual resume in this case accurately reflects that the weapon seized after the defendant's arrest from the vehicle he was operating was not actively employed by the defendant." In short, the evidence before the district court was more than adequate to show that Harold knowingly possessed a firearm in a motor vehicle and used the vehicle in the commission of a drug trafficking crime. Harold's self-serving after-the-fact argument that the factual resume does not explicitly state that he was driving the car or that he was the only occupant of the car are irrelevant given the defendant's knowing and voluntary concurrence to the formal plea agreement and factual resume. *See Muscarello*, 106 F.3d at 638-39.

3

The district court's judgment and sentence are AFFIRMED.